Curia, fer Frost, J.
On the reading of the brief ait objection was suggested by the Court, which was not made in the case, that under the Act of 1839, 11 Stat. 42, the subject of the appeal is referred to the court of Equity; and that this Court has no jurisdiction. By that Act it is provided, “if any person or persons shall think themselves aggrievedby any judgment, sentence, decree, determination, denial or order of any of the Courts of ordinary, it shall and may be lawful for such person to appeal therefrom, to the Court of Common Pleas, or Equity.” If the appeal should be from any “judgment, &c. relative to any last will or testament,” the appeal shall be to the Court of Common Pleas. If the appeal should be “ on a matter of ac^ count, the appellant shall docket the case in the Court of Equity for hearing at its next term.” “If the Court should modify the said decree, it may order the Commissioner to re-state the accounts,” (fee. The subject of appeal from the Court of Ordinary, in this case, was an item of the account between H. R. West, the appellant’s intestate, and the estate of James Bowers, of which he was administrator, in which the appellant’s intestate was charged with a large *316 balance. It is properly within the terras of the Act, “ a matter of account,” and appropriately a subject of Chancery jurisdiction. The convenience of directing an appeal, in such a matter, to that Court, is suggested and provided for by the Act, in that “ if the Court should modify the decree” of the Ordinary, “ it may order the commissioner to re-state the accounts.” In many cases this may be necessary ; and it may be important to the expeditious, as well as the satisfactory, adjustment of the various interests in the subject of the account, that it should be done under the immediate direction of that Court. The practice of the Common Law Court is not adapted to such relief; so that it could only be effected after frequent and protracted appeals. The advancement of justice recommends the construction, required also by the terms of the Act, that appeals from the Ordinary, in cases like the present, should be directed to the court of Equity. For want of jurisdiction, it is ordered that the appeal be dismissed, and that the whole proceedings be set aside and vacated.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.